IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL R. DUNCAN, # B-79384,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 14-cv-00604-JPG |
| | ) |
| **PAT QUIN, S. A. GODINEZ,** | ) |
| **PRISONER REVIEW BOARD,** | ) |
| **ADMINISTRATIVE REVIEW BOARD,** | ) |
| **J. PATE, C. RUFFIN,** | ) |
| **RANDY GROUNDS,** | ) |
| **DEE DEE BROOKHART,** | ) |
| **DANA M. TYLKA, M. LITTLEJOHN,** | ) |
| **RESEC, VICTOR OHL,** | ) |
| **and WAMPLER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Darryl Duncan, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he should have been released from Robinson on parole on May 12, 2014. Plaintiff's release was delayed when his parole agent would not approve his proposed host site, based on its proximity to the residence of Plaintiff's victim. The delay of his release has resulted in unspecified constitutional deprivations that allegedly warrant an award of $13 million in damages, Plaintiff's immediate release from prison, and/or the issuance of a temporary restraining order allowing him to transfer out of Robinson to a work release center. For the reasons set forth below, Plaintiff's complaint shall be **DISMISSED** and his request for a temporary restraining order shall be **DENIED.**

1

**The Complaint**

Plaintiff sues thirteen defendants, all of whom allegedly played a role in denying his release on parole (Doc. 1). According to the complaint, Plaintiff was scheduled for release from Robinson on May 12, 2014 (Doc. 1, p. 5). Plaintiff originally proposed a host site that was located two miles from his victim's residence (Doc. 1, p. 7). Based on the proximity of the proposed host site to his victim, Plaintiff's request was denied and his release delayed. Plaintiff proposed an alternative host site at his father's house. However, this request was still pending when he filed this action. Defendants have allegedly ignored Plaintiff's grievances regarding this issue.

Plaintiff remains incarcerated at Robinson. There, he claims to be "in harms (sic) way" (Doc. 1, pp. 7, 9). He seeks a prison transfer "due to threats" (Doc. 1, pp. 9, 12). The complaint provides no description of the alleged harm or threats, beyond Plaintiff's passing references to them. Although Plaintiff refers to a 31-page exhibit in support of these allegations, the exhibit sheds no light on the nature of the "threats" or "harm" that Plaintiff purportedly faces at Robinson. The exhibit consists of paperwork addressing his request for a host site, the denial of his request, and his grievances regarding the same.

Plaintiff now seeks immediate release from prison on parole (Doc. 1, p. 13). Alternatively, he seeks a temporary restraining order authorizing his transfer out of Robinson into a work release center (Doc. 1, p. 12). He asks the Court to contact the Lake County, Illinois Courthouse on his behalf, in order to inquire into the status of a habeas petition he attempted to file there (Doc. 1, p. 13). Finally, he seeks $13 million in damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations in the complaint, the Court finds that Plaintiff's claims are subject to dismissal under § 1915A.

**Discussion**

At the outset, this Court must independently evaluate the substance of Plaintiff's claim to determine if the correct statute - in this case 42 U.S.C. § 1983 - is being invoked. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus); *Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002) (district court should not have recharacterized declaratory judgment action as petition for habeas corpus); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Plaintiff brought this action, seeking a speedier (i.e., immediate) release from prison on parole (**Count 1**). The thrust of his complaint is therefore a challenge to the duration of his confinement. The Supreme Court "has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 76 (2005) (quoting *Preiser*, 411 U.S. at 489 (citations omitted)). "He must seek federal habeas relief (or appropriate state relief) instead." *Wilkinson*, 544 U.S. at 76. Plaintiff cannot proceed on **Count 1** under § 1983, and his complaint shall be dismissed on this basis. However, this dismissal shall be without prejudice to Plaintiff filing a petition seeking federal habeas relief or

appropriate state relief, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2005); *Pischke*, 178 F.3d 497 (7th Cir. 1999).

In addition, the Court finds that the complaint states no claim against Defendants for ignoring Plaintiff's grievances (**Count 2**). "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Accordingly, **Count 2** shall be dismissed, and this dismissal shall be with prejudice.

**Pending Motions**

Plaintiff has filed a motion for temporary restraining order ("TRO") (Doc. 2), which is hereby **DENIED**. As a threshold matter, a request for immediate release on parole is not properly brought in a § 1983 action. *Wilkinson*, 544 U.S. at 76 (2005) (quoting *Preiser*, 411 U.S. at 489 (1973) (citations omitted)). Plaintiff's motion for a TRO can be denied on this basis alone. Beyond this, however, Plaintiff alludes to "threats" and "harm," but provides no explanation or allegations remotely suggesting that he is at risk of any specific harm. Without more, the Court cannot analyze this request for relief. Accordingly, the motion for TRO is denied.

Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be addressed in a separate Order of this Court.

Finally, Plaintiff's motion to appoint counsel is hereby **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED without prejudice** from this action for failure to state a claim upon which relief may be granted, and **COUNT 2** is **DISMISSED with prejudice** for failure to state a claim. The complaint is dismissed, and the case is closed.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr*. 150 F.3d 810, 811 (7th Cir. 1998).

Further, because two of Plaintiff's previously-filed lawsuits[1] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. However, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the

---

[1] *Duncan v. Walker, et al.*, No. 08-cv-315 (S.D. Ill., filed April 28, 2008) (strike 1, dismissed March 11, 2009, for failure to state a claim upon which relief may be granted); *Duncan v. Quinn, et al.*, No. 10-cv-3124 (C.D. Ill., filed May 27, 2010) (strike 2, dismissed June 7, 2010, for failure to state a claim upon which relief may be granted).

action was filed, thus the filing fee of $400.00$^2$ remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998).  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 3, 2014**

*s/J. Phil Gilbert*
**U.S. District Judge**

---

[2] Should Plaintiff's request for IFP be granted, this fee shall be $350.00 instead.